323-0225 Bank of America, N.A. v. Steve S. Yun, Appellant Mr. Yun, you may proceed. Thank you, Your Honor. Good morning, Justices. Good morning, Counsel. May it please the Court, this appeal is about Bank of America's violation of a Fair Credit Reporting Act, FCRA. And today, I'm presenting third appeal, hoping it is the final this time. Bank of America filed a complaint on August 18, 2015, demanding credit card payments, which was voluntarily dismissed. I, as defendant, counterclaimed Bank of America's FCRA violation on December 7, 2017, and Bank of America, in response, judicially admitted the FCRA violation by stating, in quote, Plaintiff does not contest this assertion, but claimed statute of limitation to avoid the judicially admitted FCRA counterclaim on February 8, 2018, which was the only possible defense after judicial admission. Why is that a judicial admission? What do the facts say the counsel stated? I argued, you know, the FCRA violation for the Bank of America, but they said, they clearly said on their filing, Plaintiff does not contest this assertion, which is the only assertion that I was making on FCRA violation. And, you know, they said, instead, they wanted to argue the statute of limitation instead. So and then, you know, eventually, at the later time in their filing, they did not contest the assertion, and they admitted the receiving of the notice from TransUnion, and making a violation, but they still want to avoid that counterclaim by statute of limitation. May I proceed? Oh, yes, please do. Okay. So Bank of America, in its brief, at least confessed that it judicially admitted something, but it tried to confuse this court by arguing it only admitted that FCRA provides a private right of action for consumer against furnisher. A private right of action under FCRA is not an assertion, rather, is a law prescribed by FCRA. Bank of America's disassertion is the only FCRA violation. And I asserted the only FCRA violation against the Bank of America, so there is no confusion whether this assertion means FCRA violation or the law, which Bank of America is asserting. Therefore, there is no confusion that this assertion, they are not contesting with the FCRA counterclaim. Mr. Yu, Mr. Yu, excuse me, Mr. Yu, I apologize, Mr. Yu, thank you. Are you indicating that Bank of America acknowledged receipt of your dispute letter dated September of 2014, that they acknowledged receipt of that letter? Bank of America? Yes. The Bank of America said that the TransUnion follow up with a credit agency, are you indicating that they acknowledged in their pleadings receipt of that? Yeah, basically, they said that, you know, that was my claim on the counterclaim that against the Bank of America, and they said they cannot, they do not contest their allegation. And they want to, you know, assert states of limitation only. And in later time, in their filing, they said a similar type of statement, saying that they do not contest the state, I mean, the FCRA violation, but they wanted to avoid that FCRA, I mean, violation by the states of limitation only. And actually, Bank of America raised states of limitation for all the claim that I made as a counterclaim. And they were successful for the TILA violation, but they were not successful on FCRA violation. Because the, this court denied their states of limitation claim. So we came back to the, you know, the trial court, and then we come back to that after their 619 motion to dismiss, which they argued that not receiving notice from TransUnion is the only fact the Bank of America can prove, that's what they're saying. So this is the affirmative matter in 619 motion to dismiss, which was again denied by this court at the second, you know, the appeal. So now we are in the third appeal, and they, what they said after the second amend, remand, they were arguing another incredible, you know, the argument that I fabricated all the evidence that I submitted. And one of them was the account number, they are saying the account number was created sometime later than I used, which is a different number. And they never ever let me know about the account number, the new number, whatever that is, and I had the original number, but they claiming that they changed the number, and then they said I used that number somehow without any evidence, because I did not know what they created and what number was the available number for anybody. Seemingly, they created that number internally for their own use. I don't know, but they said I stole that number somehow, used that number. So that was another reason they said I fabricated. But there's no way I can find that number before they can provide that to me. And they provided years later, in 22. And, you know, they submitted the filing to the court for the number. And so I could not have used that number in years before. So that's another reason their fabrication claim is fraud. And prior court denied the summary judgment, which relies on that fraudulent, you know, documents that Bank of America claimed. And then after 10 days, they submit motion for sanction to attack that reverse the motion for summary judgment, but somehow the trial court granted this, you know, motion for sanctions, even though the trial court denied the summary judgment by Bank of America on the same arguments, which is fraudulent documents. So basically, that's against doctrine of U.S. Judicata, because the trial court denied their fraudulent documents claimed by the Bank of America. And then immediately after, then the trial court reversed and, you know, granted that fraudulent documents or whatever. And then they granted some, you know, motion for sanctions. And as a sanction, they reinstated Bank of America's judgment as granted, and denied my summary judgment against the Bank of America. So the case was reversed by the trial court. But that's not right, because it was decided, then they reversed afterwards. So that's against U.S. Judicata doctrine. And Bank of America said that the summary judgment by the Bank of America was not the final judgment. So this motion for sanction cannot be applicable for the U.S. Judicata. But the motion for sanction is right on Rule 137. That 137B specifically require that motion for sanction must be submitted after final judgment, 30 days, within 30 days. So that's violation of the Rule 137. So I'm arguing that the Bank of America, the motion for summary judgment was supposed to be denied, as the trial court did before. And the motion for sanction should be reversed. So it's going back to the same stage. So what I'm requesting to you, this appeal, is that the motion for sanction should be reversed, because it's against the doctrine of U.S. Judicata. And again, another point is that the Rule 137B specifically require the judge, progido judge, must write the order specifically, the reason for the sanctions. But the judge allowed the counsel of Bank of America to write the order, as the counsel requested in court. And basically, counsel copied from their arguments in their summary judgment. And then it titled, Proposed Order. And judge came in and took the copy of the proposed signature order. And there is a ROP, Record of Proceedings, on the date and in the briefing date before for that motion for sanctions. And there's a very simple, short discussion, a briefing in the day. And the order contains a lot of things which were stated in Bank of America's motion for sanctions. So it's not, if you compare the ROP against the order, there's no matching points there. So that order must be cancelled, because it's not prepared pursuant to the Rule 137B. So basically, that's my arguments on this oral argument. Mr. Young, have you concluded your argument at this time? Yes. Okay. You will have time, five minutes in reply to the appellee's response. Okay. Ms. Groh, you may respond. Yes. Good morning. Susan Groh, on behalf of Bank of America. May it please the court. In its discretion, the trial court properly found that the three documents that Mr. Young submitted in support of his Fair Credit Reporting Act claim were fabricated. Well, that's not discretion to make that finding, is it, Ms. Groh? On a motion for sanctions, the court has the discretion to make that finding. Well, they have the discretion to award sanctions, but don't they have to make findings? And what's the standard of review on those findings? The standard of review on those findings are abuse of discretion. The court must have clearly— Really? It's a factual finding? It must have clearly abused its discretion in making those determinations. No, no, no, Ms. Groh, I think maybe you should rethink that. It's abuse of discretion, it's more the reward sanctions, but facts are usually manifest way to the evidence review. Manifest way to the evidence review. I, I, I, I, under any— What were the, what were the facts that the court found that in its discretion decided to award sanctions? The court reviewed the three documents in issue. He, the trial court reviewed the testimony from the bank via affidavit, the statements that Mr. Yoon made at the hearing and his arguments in the briefs and, and at hearing, and made factual findings on the authenticity and admissibility of the documents. The trial court in the, you know, first instance has the, the gatekeeping function to determine whether the documents are what the proponent asserts that they, they purport to be. And, you know, under the rules that he determined that they were not authentic documents. They had no support. They, and I, I can go through each document one by one. I'm happy to do that. But the, the, the court did not abuse its discretion, did not, you know, there was no manifest. The, the court made factual findings based on the record before it and found that the documents were fabricated. And on review, he did not abuse his discretion in making those findings. Well, no, no, on review, he didn't abuse his discretion in awarding sanctions based upon factual findings that you say are not against the manifest way of the evidence. Right. And those findings were that these documents were false. Right. Right. Correct. Thank you for that clarification. Yes. Yes. But the documents were false. And as a result, the court made an appropriate sanction of striking those three documents. And as a result, there was nothing left to oppose summary judgment. And so the court granted summary judgment. Backing up to the claimant issue, the Mr. So your, your argument is, is that there's nothing affirmative outside of the record that will allow Mr. Young to proceed under this fair credit reporting act. Correct. Because his burden was to do what? His burden was to have a material fact in opposition to summary judgment. And in the case here, what, what did under the act is Mr. Young's burden? His burden under the act is to show that the fair credit reporting act has, and I know Justice Holdred, you've been on the panels before on both, both appeals. So you're familiar with the procedural framework for the FCRA, but the FCRA is a very specific procedural framework. What requires the consumer to send a credit dispute to a CRA and then have the CRA must then send that dispute to the credit furnisher, in this case, Bank of America. So he, Mr. Young must rebut our assertion that we didn't receive a dispute. And in response, he provided three documents, which, you know, is the letter that includes the account number that didn't exist as of the date of the letter, a second letter, which we characterize as the stamped letter, because it has some inexplicable markings on it. It has a TransUnion logo that didn't exist at the time of the letter. And again, it includes that account number that did not exist at the time of the letter. And then the third document is this ACDV document, which exactly matches the sample ACDV that he, that Mr. Young provided in the record down to, you know, the account history that has every zero and one matching the sample, not his own account history, but the sample that's provided in the congressional document. These, so his, so we, we filed a motion for summary judgment saying that he did not, that there was no question of material fact that he cannot prove his case. That the only evidence is our affidavit, our fact that we did not receive a dispute. In response, he filed these random documents. The court struck those documents as being fraudulent and he has nothing left. Was there an affidavit filed by Mr. Young in response to your initial motion for summary judgment? No, no, he did not file an affidavit in opposition to summary judgment. And under that, to survive a motion for summary judgment, he must present a valid factual basis and he cannot rely on the allegations and the pleadings. And there is no factual basis and without the, even with the documents, there's no factual basis. There, there, you know, this, this court can affirm on any basis. And, you know, even if you did consider these documents, summary judgment should be granted. There's, he can no longer rest on the pleadings to create a genuine issue of material fact. And he did not, you know, provide a counter affidavit. And there is no contradictory facts that support maintaining this case going forward. His, his claim hinges on the, on the claim that he sent this letter to TransUnion that was dated September 19th, 2014. And the only evidence in the record is that the account number listed in this letter did not exist until two months later. And we have affidavit testimony from, you know, Bank of America representative about Bank of America records stating that fact. And the court and its discretion in making credibility findings did not believe, believed, believed the bank's testimony and did not believe Mr. Yoon. The September 19th, 2014 stamped letter, the court believed and agreed that the, that the logo did not exist at the time that it was drafted, the allegedly drafted the ACDV automated credit dispute document. And these are all, these are all exhibits to the court's order, which we filed as a supplementary appendix because they were missing from Mr. Yoon's appendix. The court found that, that this document is probably the most incriminating out of all, all the documents in that it matches the, you know, a Google search of this, of this term, this title and the, you know, the, the, it's partially filled in. There's key information missing such as a dispute code and a social security number. And then the, the, you know, the account history in the bottom left corner matches exactly the sample that's provided, you know, on the internet and in the congressional report that has no connection to Mr. Yoon's account. The trial court looked at all these documents and these were presented to him on initially in a motion to dismiss hearing. Mr. Yoon submitted these and he has, was the person in the best position to make credibility findings, factual findings, and, you know, ultimately the, the sanction award. And the court did not clearly abuse its discretion in issuing sanctions. And as required by the Supreme Court's rules, rules 137D and 219C, the April 24th order provides a written explanation for the sanctions award. Mr. Yoon complains that, that it is, was drafted by counsel, which is routine and customary. The court confirmed that those were his findings on the record. And there is, there is no, no error in that drafting. The, most of Mr. Yoon's argument on appeal involves his claim, which he calls the judicial admission of FCR counterclaim, which is, is very misleading. It's, it's an argument that he made in the last appeal. It's an argument that he's made repeatedly in the trial court. And it's a gross misrepresentation of the record. The, the, he, he points back to a opposition to a motion to dismiss that the bank filed, where it states that defendants cite several cases for the proposition that the FCRA provides a private right of action. Plaintiff Bank of America does not contest this assertion. It's very clear that the, that the statement relates to a private right of action. The bank does not contest that the FCRA provides a private right of action. Based on that statement, Mr. Yoon thinks that the court erred in granting, and that his motion for summary judgment should have been granted. And there, there's just no merit to that argument at all. The other argument that he focuses on, on appeal is res judicata. There is, as he recognizes, res judicata does not apply to final judgments. The denial, the initial denial of summary judgment was not a final order. The court can revisit that and did revisit that properly. The final sort of collateral issue was the entry of the January 9th, 2023 order, which Mr. Yoon claimed was fraudulent by, by me. And as is very apparent from the record and the supplementary record, which we filed, that the court denied his motion for summary judgment, and it was properly entered as a denial of the motion for summary judgment. You know, and I'm happy to answer any questions, but in conclusion, the court did not abuse its discretion in granting sanctions, in making, you know, did not, you know, it was not a manifest, based on the manifest way to the evidence, the, the factual findings were correct. The, as a result, summary judgment was properly granted, and we would ask that the court affirm the judgment of the trial court. Thank you, counsel. Any questions from the court? I have none. Okay. Thank you, counsel. Mr. Yoon, you may reply. Yes, your honor. Thank you. Let me start from the, the Bank of America's arguments. The, the sanctions was properly granted. That's what they said, but I don't think that's the case. First of all, the sanction relied on rule 137, it's not following the final judgment. If their arguments of a summary judgment for Bank of America, which is denied by the trial court was not final judgment, but still the sanction is not filed after final judgment within 30 days. So the sanction, motion for sanction is invalid. And secondly, the order of the sanction is not specifically written by the judge. You know, something that the judge were pointed out or stated in the court about the problem or, or fraudulent fact of the, that, the, the evidence that we're talking about. The judge did not say much of anything. It just said, you know, he's relying on Bank of America's sanction. And the surprising thing, another one is that the judge denied the Bank of America's summary judgment, which relies on exactly same points, which is a fraudulent documents, but judge strike that and they dismissed the summary judgment. So that's a basically either against the rest of the cata or against route 137B. So that's my point. And secondly, the Bank of America just said the, the account number issue that in 2014, I used the number in the letter to the bank, the transunion, and that letter combined with the actual previously, you know, dispute letter to the Bank of America, which contains correct account number. And then I somehow mistake the right, some wrong number on the cover letter, okay, to the transfer union. And then Bank of America arguing that that number was not available. And when I wrote the letter and it was available in two months later, and the Bank of America did not have any indication to me or to anybody that they were creating another number for the same account. And they revealed that number in 2022, which just before their arguments that I made the fraudulent documents. So it's not me, I did not, you know, able to create any number like that, because I did not have any chance to know that number because they were hiding. They somehow I don't think they created, but they if they did, they did that internally. So I do not have any access to that account. And number two, they were talking about the logo that I used is not available in 2014. And I exhibited the 2014, the transunion documents which using that logo. Okay. And the third one, the ACDB was a fraud. I mean, it was Bank of America keep saying that it was not completely filled. That's a, that's a, you know, neglect response that the, you know, was formed supposed to be filled by the Bank of America, not by the transunion. Transunion just sent with the consumer's information like me to the Bank of America. You know, they said they sent my letter to Bank of America and my letter to transunion to indicate every possible dispute from me to Bank of America and Bank of America keep saying ACDB is fraud because it's not filled. And it was a day zero one zero one. They said, that's what they used to send to me. And they said, they sent those documents to the bank, to the Bank of America for further investigation. And next one against their arguments about, they said, I did not find affidavit that is false. Bank of America filed a summary judgment and I immediately filed my summary judgment against Bank of America with affidavit, counterattacking their affidavit. So affidavit on their summary judgment, affidavit on my summary judgment is contradicting to each other. Mr. Young, the red light has gone out and your time has expired for a reply. Are there any questions from the bench for Mr. Young? I have none. Okay. Thank you. And I want to thank council Groh and Mr. Young for your argument to proceed today. And this matter will be taken under advisement by the court. A written disposition will issue.